1  SUMM
   SEAN K. CLAGGETT, ESQ.
2  Nevada Bar No. 008407
   WILLIAM T. SYKES, ESQ.
3  Nevada Bar No. 009916
4  MATTHEW S. GRANDA, ESQ.
   Nevada Bar No. 012753
5  CLAGGETT & SYKES LAW FIRM
   8751 W. Charleston Blvd., Ste. 220
6  Las Vegas, NV 89117
7  (702) 655-2346 – Telephone
   (702) 655-3763 – Facsimile
8  sclaggett@claggettlaw.com
   wsykes@claggettlaw.com
9  mgranda@claggettlaw.com
10 *Attorneys for the Plaintiffs*

11               DISTRICT COURT
12            CLARK COUNTY, NEVADA

13
14 PREFERRED CAPITAL LENDING, INC., an
   Illinois Corporation; and PREFERRED
15 CAPITAL LENDING OF NEVADA, LLC., a    CASE NO.: A-13-675650-C
   Nevada Limited Liability Company,
16                                        DEPT NO.:XIII
              Plaintiffs,
17 v.
                                          (Exempt from Arbitration: Amount in
18 STEPHEN D. CHAKWIN, JR., an Individual; Controversy Over $50,000.00)
   DOES I through X inclusive; ROE BUSINESS
19 ENTITY XI through XX, inclusive,
20
              Defendants.
21

22 **NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU**
23 **WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ**
   **THE INFORMATION BELOW.**
24
                    **STEPHEN D. CHAKWIN, JR.**
25
26 TO THE DEFENDANT(S): A civil Complaint has been filed by the Plaintiff(s) against you for the

27 relief set forth in the Complaint.

28

1.     If you intend to defend this lawsuit, within 20 days after this Summons is served on you, exclusive of the day of service, you must do the following:

> (a) File with the Clerk of this lawsuit, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.
>
> (b) Serve a copy of your response upon the attorney whose name address is shown below.

2.     Unless you respond, your default will be entered upon application of the Plaintiff(s) and failure to so respond will result in a judgment of default against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3.     If you intend to seek the advise of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4.     The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators each have 45 days after service of this Summons within which to file an Answer or other responsive pleading to the Complaint.

Submitted by:

_____
Sean K. Claggett, Esq.
Nevada Bar No. 008407
William T. Sykes, Esq
Nevada Bar No. 009916
CLAGGETT & SYKES LAW FIRM
8751 W. Charleston Blvd., Suite 220
Las Vegas, Nevada 89117
Attorney for the Plaintiffs

STEVEN D. GRIERSON,
CLERK OF THE COURT

JAN 2 8 2013

By: _____ JOSEFINA SAN JUAN
Deputy Clerk    Date
Clark County Courthouse
200 Lewis Avenue
Las Vegas, NV 89155

NOTE: When service is by publication, add a brief statement of the object of the action. See Nevada Rules of Civil Procedure 4(b)

Page 2 of 2

# CIVIL COVER SHEET   A-13-675650-C
Clark County, Nevada   XIII
Case No.
*(Assigned by Clerk's Office)*

## I. Party Information

| Plaintiff(s) (name/address/phone): Preferred Capital Lending, Inc et al. | Defendant(s) (name/address/phone): Stephen D. Chakwin, Jr. |
|---|---|
| Attorney (name/address/phone): Claggett & Sykes Law Firm<br>8751 W. Charleston Ste. 220<br>Las Vegas, Nevada 89117 TEL.: 702-655-2346 | Attorney (name/address/phone): |

## II. Nature of Controversy (Please check applicable bold category and applicable subcategory, if appropriate)

☐ Arbitration Requested

### Civil Cases

**Real Property**
- ☐ Landlord/Tenant
  - ☐ Unlawful Detainer
- ☐ Title to Property
  - ☐ Foreclosure
  - ☐ Liens
  - ☐ Quiet Title
  - ☐ Specific Performance
- ☐ Condemnation/Eminent Domain
- ☐ Other Real Property
  - ☐ Partition
  - ☐ Planning/Zoning

**Torts**

*Negligence*
- ☐ Negligence – Auto
- ☐ Negligence – Medical/Dental
- ☐ Negligence – Premises Liability (Slip/Fall)
- ☐ Negligence – Other

- ☐ Product Liability
  - ☐ Product Liability/Motor Vehicle
  - ☐ Other Torts/Product Liability
- ☐ Intentional Misconduct
  - ☐ Torts/Defamation (Libel/Slander)
  - ☐ Interfere with Contract Rights
- ☐ Employment Torts (Wrongful termination)
- ☐ Other Torts
  - ☐ Anti-trust
  - ☐ Fraud/Misrepresentation
  - ☐ Insurance
  - ☐ Legal Tort
  - ☐ Unfair Competition

**Probate**

Estimated Estate Value: _____
- ☐ Summary Administration
- ☐ General Administration
- ☐ Special Administration
- ☐ Set Aside Estates
- ☐ Trust/Conservatorships
  - ☐ Individual Trustee
  - ☐ Corporate Trustee
- ☐ Other Probate

**Other Civil Filing Types**
- ☐ Construction Defect
  - ☐ Chapter 40
  - ☐ General
- ☒ Breach of Contract
  - ☐ Building & Construction
  - ☐ Insurance Carrier
  - ☐ Commercial Instrument
  - ☐ Other Contracts/Acct/Judgment
  - ☐ Collection of Actions
  - ☐ Employment Contract
  - ☒ Guarantee
  - ☐ Sale Contract
  - ☐ Uniform Commercial Code
- ☐ Civil Petition for Judicial Review
  - ☐ Foreclosure Mediation
  - ☐ Other Administrative Law
  - ☐ Department of Motor Vehicles
  - ☐ Worker's Compensation Appeal

- ☐ Appeal from Lower Court *(also check applicable civil case box)*
  - ☐ Transfer from Justice Court
  - ☐ Justice Court Civil Appeal
- ☐ Civil Writ
  - ☐ Other Special Proceeding
- ☐ Other Civil Filing
  - ☐ Compromise of Minor's Claim
  - ☐ Conversion of Property
  - ☐ Damage to Property
  - ☐ Employment Security
  - ☐ Enforcement of Judgment
  - ☐ Foreign Judgment – Civil
  - ☐ Other Personal Property
  - ☐ Recovery of Property
  - ☐ Stockholder Suit
  - ☐ Other Civil Matters

## III. Business Court Requested (Please check applicable category; for Clark or Washoe Counties only.)

- ☐ NRS Chapters 78-88
- ☐ Commodities (NRS 90)
- ☐ Securities (NRS 90)
- ☐ Investments (NRS 104 Art. 8)
- ☐ Deceptive Trade Practices (NRS 598)
- ☐ Trademarks (NRS 600A)
- ☐ Enhanced Case Mgmt/Business
- ☐ Other Business Court Matters

01/25/13
Date

_Signature of initiating party or representative_

*See other side for family-related case filings.*

Nevada AOC – Research and Statistics Unit

Form PA 201
Rev. 2.5F

Electronically Filed
01/25/2013 11:53:27 AM

CLERK OF THE COURT

**COMP**
SEAN K. CLAGGETT, ESQ.
Nevada Bar No. 008407
WILLIAM T. SYKES, ESQ.
Nevada Bar No. 009916
MATTHEW S. GRANDA, ESQ.
Nevada Bar No. 012753
CLAGGETT & SYKES LAW FIRM
8751 W. Charleston Blvd., Ste. 220
Las Vegas, NV 89117
(702) 655-2346 – Telephone
(702) 655-3763 – Facsimile
sclaggett@claggettlaw.com
wsykes@claggettlaw.com
mgranda@claggettlaw.com

*Attorneys for the Plaintiffs*

### DISTRICT COURT

### CLARK COUNTY, NEVADA

| | |
|---|---|
| PREFERRED CAPITAL LENDING, INC., an Illinois Corporation; and PREFERRED CAPITAL LENDING OF NEVADA, LLC., a Nevada Limited Liability Company,<br><br>Plaintiffs,<br><br>v.<br><br>STEPHEN D. CHAKWIN, JR., an Individual; DOES I through X inclusive; ROE BUSINESS ENTITY XI through XX, inclusive,<br><br>Defendants. | A-13-675650-C<br>CASE NO.:<br>DEPT NO.: XI I I<br><br>(Exempt from Arbitration: Amount in Controversy Over $50,000.00) |

### COMPLAINT

COME NOW, Plaintiffs, PREFERRED CAPITAL LENDING, INC., and PREFERRED CAPITAL LENDING OF NEVADA, LLC by and through their attorneys of record, Sean K. Claggett, Esq., and Matthew S. Granda, Esq., of the law firm of Claggett & Sykes, and complaining against the Defendants, and each of them, alleges as follows:

///

## JURSIDICTION

1. Plaintiff PREFERRED CAPITAL LENDING, INC., ("PCL") is an Illinois corporation, with its corporate headquarters in Elmhurst, Illinois.

2. Plaintiff PREFERRED CAPITAL LENDING OF NEVADA, LLC, ("PCL Nevada") is and at all times relevant was, a limited liability company organized and existing pursuant to the laws of the State of Nevada and engaged in doing business in Clark County, Nevada.

3. Plaintiff is informed, believes and thereon alleges that Defendant, STEPHEN D. CHAKWIN, Jr. (hereinafter "Chakwin" or "Defendant"), is, and, at all times relevant, was a resident of Fairfield County, Connecticut, and admitted *pro hac vice* to practice law in the United States District Court, District of Nevada, Case Number 2:07-CV-00901-KJD-LRL.

4. The true names or capacities, whether individual, corporate, associate or otherwise, of Defendants DOES I through X, inclusive, are unknown to Plaintiff who, therefore, sue said Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated herein as a DOE is responsible in some manner for the events and happenings herein referred to and caused injury and damages proximately thereby to the Plaintiff as herein alleged; that Plaintiff will ask leave of this Court to amend this Complaint to insert the true names and capacities of said Defendant DOES I through X, inclusive, when same have been ascertained by Plaintiff, together with appropriate chaging allegations, and to join such Defendants in this action.

5. The true names or capacities of ROE BUSINESS ENTITY Defendants XI through XX, inclusive, are unknown to Plaintiff who, therefore, sues said Defendants by such fictitious names. Defendants designated herein as a ROE BUSINESS ENTITY, and each of them, are predecessors-in-interest, successors-in-interest, and/or agencies otherwise in a joint venture with, and/or serving as an alter ego of, any and/or all Defendants named herein; and/or are entities

responsible for the supervision of the individually named Defendants at the time of the events and circumstances alleged herein; and/or are entities employed by and/or otherwise directing the individual Defendants in the scope and course of their responsibilities at the time of the events and circumstances alleged herein; and/or are entities otherwise contributing in any way to the acts complained of and the damages alleged to have been suffered by the Plaintiff herein. Plaintiff is informed and believes, and thereon alleges, that each of the Defendants designated as a ROE BUSINESS ENTITY is in some manner negligently, vicariously, and/or statutorily responsible for the events and happenings referred to and caused damages to Plaintiff as herein alleged. Plaintiff will ask leave of the Court to amend this Complaint to insert the true names of such Defendants when the same have been ascertained by Plaintiff, together with appropriate charging allegations, and to join such Defendant's in this action.

### FACTS COMMON TO ALL CLAIMS

6. PCL and PCL Nevada are under common ownership and control as Mr. Brian Garelli ("Mr. Garelli") is the President and largest shareholder of PCL, and the manager and largest owner of PCL Nevada.

7. Although PCL Nevada executes loan agreements with borrowers located in Nevada, such as the loan agreement described herein, PCL Nevada serves only a loan processing function, not a loan approval function, and PCL Nevada executes loan agreements, such as the loan agreement described herein, only at the express direction of PCL, specifically Mr. Garelli.

8. Upon information and belief, Defendant Stephen D. Chakwin, Jr., is an attorney licensed in the State of New York, the State of Connecticut, and the State of California, with an office in the State of New York.

9. Upon information and belief, Chakwin was retained as Plaintiff's counsel in a personal injury case in the United States District Court, District of Nevada, Case Number 2:07-CV-

00901-KJD-LRL (hereinafter the "Litigation") Upon information and belief, Chakwin was admitted *pro hac vice* to practice in Nevada for the purpose of said case.

10. In or around June or July of 2009, Chakwin and/or his associates inquired about obtaining a loan from PCL to assist with the funding of the Litigation.

11. On or about July 2, 2009, Chakwin sent a lengthy email to PCL wherein he provided details about himself and his opinion of the merits of the Litigation, in a further attempt to secure a loan from PCL.

12. PCL granted Chakwin's request and approved a loan.

13. On or about July 6, 2009, Chakwin signed a promissory note for a loan in the amount of $130,000.00 while he was present in PCL Nevada's Las Vegas, Nevada office.

14. The promisorry note expressly stated that it was executed in the State of Nevada on July 6, 2009.

15. On or about July 6, 2009, Chakwin also signed a "Letter of Direction" instructing PCL to make his loan checks payable to Ardec Funding Corp., in the amount of $60,895.34, and to Stephen Chakwin Jr., in the amount of $69,104.66.

16. The terms of the promissory note included a finance charge of $51,935.00, for a total of repayment sum of $181,935.00.

17. The terms of the promissory note required the loan to be repaid one year from the date of the agreement, or upon Chakwin's receipt of payment on account of his claim for attorney's fees in the Litigation.

18. The agreement between PCL and Chakwin also had a provision entitled "Automatic Roll-Over," which provides:

> The Borrower and the Lender agree that if the event described in this section 2.B has not occurred as of the Payment Due Date (or as of any subsequent loan term Payment Due Date(s)), and if no Event of Default (as that term is defined in section 6 of this Agreement) has occurred, they shall enter into a Promissory Note, Security

Page 4 of 11

Agreement and Assignment of Proceeds of the Claim in form and substance substantially identical to this Agreement (except that the principal amount of the Loan shall be equal to the original principal amount of the Loan, plus all accrued and unpaid interest on the Loan) by which the Payment Due Date shall be extended by the same term as the original loan.

19. Chakwin did not repay the note when it became due and, accordingly, the "Automatic Roll-Over" provision took effect and caused the loan to roll-over.

20. The loan rolled over on or about July 6, 2010, in the amount of $181,935.24, and included a finance charge of $72,683.13, for a total repayment sum of $254,618.37.

21. The rolled-over loan contained the same provisions as the original loan, to include the "Automatic Roll-Over" provision.

22. Chakwin did not repay the rolled-over note when it became due the next year.

23. The note rolled-over again on or about July 6, 2011, in the amount of $254,618.49, and included a finance charge of $101,720.09, for a total repayment sum of $356,338.58.

24. Plaintiff is informed and believes, and thereon alleges that the parties to the Litigation entered into a settlement on or about July 14, 2011.

25. Upon information and belief, Chakwin was entitled to attorney's fees under the settlement, thereby invoking the alternative condition to Chakwin's repayment of the note—receipt of payment on account of his claim for attorney's fees in the Litigation.

26. Chakwin did not repay the rolled-over note when he received attorney's fees from the Litigation or when the note became due one year from the July 6, 2011 roll-over date.

27. As of September 26, 2012, the loan balance stands at $375,282.50, with interest accruing at $228.25 per day.

///

///

///

Case: 1:14-cv-07409 Document #: 6-1 Filed: 03/07/13 Page 9 of 16 PageID #:34


# FIRST CLAIM FOR RELIEF

### (Money Lent)

28. Plaintiffs repeat, restate, and incorporate herein by reference as though fully set forth at length, each and every allegation set forth in the preceding paragraphs of the Complaint.

29. On or about July 6, 2009, Plaintiff loaned Defendant the sum of $130,000.00. The loan is evidenced by the July 6, 2009 Promissory Note.

30. The amount was to be repaid on July 6, 2010, in the amount of $181,935.00.

31. Defendant failed to repay the loan on July 6, 2010, causing the loan to roll over and become due on or before July 6, 2011, in the amount of $254,618.37.

32. Defendant failed to repay the loan on July 6, 2011, causing the loan to roll over and become due on or before July 6, 2012, in the amount of $375,282.50.

33. The money Plaintiff loaned to Defendant is due and owing under the terms of the Promisorry Note.

34. Despite due and proper demand, Defendant has not repaid Plaintiff.

35. As a direct result of Defendant's failure to repay the loan, Defendant has caused Plaintiffs to suffer general damages in amount in excess of Ten Thousand Dollars ($10,000.00), and special or consequential damages in an amount to be proven at the time of trial, together with prejudgment interest at the rate allowed by law.

36. It has been necessary for Plaintiffs to retain the services of an attorney to prosecute their claims and Plaintiffs are entitled to recover reasonable attorney's fees and costs incurred in this action.

///
///
///


CLAGGETT & SYKES LAW FIRM
8751 W. Charleston Boulevard, Suite 220
Las Vegas, Nevada 89117
702-655-2346 • Fax 702-655-3763

Page 6 of 11

## SECOND CLAIM FOR RELIEF

### (Breach of Contract)

37. Plaintiffs repeat, restate, and incorporate herein by reference as though fully set forth at length, each and every allegation set forth in the preceding paragraphs of the Complaint.

38. Plaintiffs and Defendant entered into an agreement whereby Plaintiffs agreed to loan Defendant the amount of $130,000.00, with Defendant signing a promissory note and agreeing to repay the note one year from the date of the execution of the note or upon Defendant's receipt of payment on account of his claim for attorney's fees in the Litigation.

39. Defendant received $130,000.00 from Plaintiffs and agreed, by executing the promisorry note, to repay the loan, in the amount of $181,935.00, when it became due on July 6, 2010, or when Defendant received payment of attorney's fees from the Litigation, whichever occurred first.

40. Defendant agreed to the "Automatic Roll-Over" provision, which caused the loan to roll-over on July 6, 2010, with a balance of $254,618.37 becoming due on July 6, 2011.

41. Defendant agreed to the "Automatic Roll-Over" provision, which caused the loan to roll-over again on July 6, 2011. The loan has a current balance of $375,282.50, which Defendant has failed and refused to pay.

42. Defendant breached contract with Plaintiffs by failing to repay Plaintiffs when the note became due, including any of the subsequent roll-over amounts, either on the due date of one year from the execution of the note, any of the roll-over dates or when Defendant received attorney's fees from the Litigation.

43. As a direct result of Defendant's failure to pay the contracted amount, Defendant has caused Plaintiffs to suffer general damages in amount in excess of Ten Thousand Dollars

($10,000.00), and special or consequential damages in an amount to be proven at the time of trial, together with prejudgment interest at the rate allowed by law.

44. By reason of Defendant's breach of contract, and as a direct and proximate result thereof, Plaintiffs have been caused to incur expenses as and for attorney's fees and costs of suit herein and are entitled to compensation for those expenditures in a sum to be determined by the Court.

### THIRD CLAIM OF RELIEF

**(Breach of Covenant of Good Faith and Fair Dealing)**

45. Plaintiffs repeat, restate, and incorporate herein by reference as though fully set forth at length, each and every allegation set forth in the preceding paragraphs of the Complaint.

46. In Nevada, every contract carries with it an implied covenant of good faith and fair dealing, and parties to a contract must enter into contracts in good faith and perform under the terms of the contract in good faith.

47. That Plaintiffs and Defendant were parties to a contract which imposed duties and obligations upon them.

48. Pursuant to the contract of retention, Plaintiffs loaned $130,000.00 to Defendant.

49. In exchange for this loan, Defendant agreed, pursuant to a written promissory note, to repay Plaintiff a sum equal to $181,935.00 within one year or upon Defendant's receipt of attorney's fees from the Litigation.

50. Defendant breached the contract by refusing to repay Plaintiffs.

51. Defendant breached the covenant of good faith and fair dealing by performing in a manner that was unfaithful to the purpose of the contract, by failing and refusing to repay the amount due under the promissory note, thus, denying Plaintiff's justified expectations under the contract.

52. As a direct and proximate result of Defendant's breach of the covenant of good faith and fair dealing in the contract, Plaintiffs have suffered general damages in an amount in excess of Ten Thousand Dollars ($10,000.00), and special or consequential damages in an amount to be proven at the time of trial, together with prejudgment interest at the rate allowed by law.

53. It has been necessary for Plaintiffs to retain the services of an attorney to prosecute their claims and Plaintiffs are entitled to recover reasonable attorney's fees and costs incurred in this action.

## FOURTH CLAIM OF RELIEF

### (Unjust Enrichment)

54. Plaintiffs repeat, restate, and incorporate herein by reference as though fully set forth at length, each and every allegation set forth in the preceding paragraphs of the Complaint.

55. Defendant unjustly retained the money loaned to him by Plaintiff against fundamental principles of justice or equity and good conscience, and Defendant has been unjustly enriched by failing to repay Plaintiffs the loan amount as specified in the promissory note.

56. As a result thereof, Plaintiffs have been damaged in a sum in excess of Ten Thousand Dollars ($10,000.00), together with prejudgment interest at the rate allowed by law.

57. Equity requires that the Plaintiffs be reimbursed in an amount equal to that by which the Defendant has been unjustly enriched.

58. By reason of Defendant's breach of contract, and as a direct and proximate result thereof, Plaintiffs have been caused to incur expenses as and for attorney's fees and costs of suit herein and are entitled to compensation for those expenditures in a sum to be determined by the Court.

///

///

## **FIFTH CLAIM FOR RELIEF**

### (Special Damages)

59. Plaintiffs repeat, restate, and incorporate herein by reference as though fully set forth at length, each and every allegation set forth in the preceding paragraphs of the Complaint.

60. Plaintiffs have incurred, and will have to incur in the future, attorney's fees to enforce their rights as a result of the conduct of Defendant as alleged in the First through Fourth Claims for Relief.

61. The attorney's fees that Plaintiffs have incurred and will incur are foreseeable damages arising from Defendant's intentional and improper conduct as set forth in the First through Fourth claims for relief.

62. The attorney's fees that Plaintiffs have incurred and will incur are the natural and proximate consequence of the conduct referred to in the First through Fourth Claims for Relief.

WHEREFORE Plaintiffs pray for Judgment against Defendants, and each of them, as follows:

1. For Plaintiffs, general damages in an amount in excess of Ten Thousand Dollars ($10,000.00), exclusive of interest and costs;

2. For Plaintiffs, special or consequential damages for Defendant's willful conduct in the breach of his duties of good faith and fair dealing, which was done with malice, oppression and fraud, in an amount in excess of Ten Thousand Dollars ($10,000.00), to be set forth and proven specifically at the time of trial herein;

3. For Plaintiffs, special damages in the form of attorney's fees and costs which are the direct and proximate cause of Defendant's conduct, in an amount to be set forth and proven at the time of trial;

///

4. For costs of suit incurred herein, including a reasonable sum as and for attorney's fees and for interest from the date of filing of this complaint;

5. For such other further relief as the Court deems just and proper.

Dated this 25th day of January, 2013.

/s/ Matthew S. Granda

---

SEAN K. CLAGGETT, ESQ.
Nevada Bar No. 008407
WILLIAM T. SYKES, ESQ.
Nevada Bar No. 009916
MATTHEW S. GRANDA, ESQ.
Nevada Bar No. 012753
CLAGGETT & SYKES LAW FIRM
8751 W. Charleston Blvd., Ste. 220
Las Vegas, NV 89117
(702) 655-2346 – Telephone
(702) 655-3763 – Facsimile
sclaggett@claggettlaw.com
wsykes@claggettlaw.com
mgranda@claggettlaw.com

*Attorneys for the Plaintiffs*

| | |
|---|---|
| 1 | **IAFD** |
| 2 | SEAN K. CLAGGETT, ESQ.<br>Nevada Bar No. 008407 |
| 3 | WILLIAM T. SYKES, ESQ.<br>Nevada Bar No. 009916 |
| 4 | MATTHEW S. GRANDA, ESQ.<br>Nevada Bar No. 012753 |
| 5 | CLAGGETT & SYKES LAW FIRM |
| 6 | 8751 W. Charleston Blvd., Ste. 220<br>Las Vegas, NV 89117 |
| 7 | (702) 655-2346 – Telephone<br>(702) 655-3763 – Facsimile |
| 8 | sclaggett@claggettlaw.com |
| 9 | wsykes@claggettlaw.com<br>mgranda@claggettlaw.com |
| 10 | *Attorneys for the Plaintiffs* |

DISTRICT COURT

CLARK COUNTY, NEVADA

| | |
|---|---|
| PREFERRED CAPITAL LENDING, INC., an Illinois Corporation; and PREFERRED CAPITAL LENDING OF NEVADA, LLC., a Nevada Limited Liability Company,<br><br>Plaintiffs,<br>v.<br><br>STEPHEN D. CHAKWIN, JR., an Individual; DOES I through X inclusive; ROE BUSINESS ENTITY XI through XX, inclusive,<br><br>Defendants. | CASE NO.:<br><br>DEPT NO.:<br><br>**<u>INITIAL APPEARANCE<br>FEE DISCLOSURE</u>** |

    Pursuant to NRS Chapter 19, as amended by Senate Bill 106, filing fees are submitted for parties appearing in the above-entitled action as indicated below:

| | |
|---|---|
| Plaintiffs, PREFERRED CAPITAL LENDING, INC., | $270.00 |
| PREFERRED CAPITAL LENDING OF NEVADA, LLC | <u>$30.00</u> |

///

///

///

Page 1 of 2

| | |
|---|---:|
| TOTAL: | $300.00 |

Dated this 25th day of January, 2013.

/s/ Matthew S. Granda

---

SEAN K. CLAGGETT, ESQ.
Nevada Bar No. 008407
WILLIAM T. SYKES, ESQ.
Nevada Bar No. 009916
MATTHEW S. GRANDA, ESQ.
Nevada Bar No. 012753
CLAGGETT & SYKES LAW FIRM
8751 W. Charleston Blvd., Ste. 220
Las Vegas, NV 89117
(702) 655-2346 – Telephone
(702) 655-3763 – Facsimile
sclaggett@claggettlaw.com
wsykes@claggettlaw.com
mgranda@claggettlaw.com

*Attorneys for the Plaintiffs*