# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PREFERRED CAPITAL LENDING, INC., et al. ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Case No. 1:14-cv-07409 |
| v. ) | Honorable Ronald A. Guzman |
| ) | |
| STEPHEN D. CHAKWIN, JR. ) | |
| ) | |
| **Defendant.** ) | |

### SUPPLEMENTAL REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR ADVERSE INFERENCE AND FOR SUMMARY JUDGMENT ON PLAINTIFF'S FIRST AND SECOND CAUSES OF ACTION; AND OPPOSITION TO DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT

PREFERRED CAPITAL LENDING, INC. by and through its counsel of record, GARELLI, GROGAN HESSE & HAUERT, hereby submit its Supplemental Reply to Defendant's Opposition to Plaintiffs' Motion for Adverse Inference and for Summary Judgment on Plaintiff's First and Second Causes of Action; and Opposition to Defendant's Cross-Motion for Summary Judgment.

        Respectfully Submitted,
        PREFERRED CAPITAL LENDING, INC.

        /s/ AMY GALVIN GROGAN
        One of its Attorneys

Amy Galvin Grogan
Garelli Grogan Hesse & Hauert
340 W. Butterfield Rd., Suite 2A
Elmhurst, IL 60126
630-833-5533
ARDC #6229364

SEAN K. CLAGGETT, ESQ.
Nevada Bar No. 008407
WILLIAM T. SYKES, ESQ.
Nevada Bar No. 009916
MATTHEW S. GRANDA, ESQ.
Nevada Bar No. 012753
CLAGGETT & SYKES LAW FIRM
8751 W. Charleston Blvd., Ste. 220
Las Vegas, NV 89117
(702) 655-2346 – Telephone
(702) 655-3763 – Facsimile
sclaggett@claggettlaw.com
wsykes@claggettlaw.com
mgranda@claggettlaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PREFERRED CAPITAL LENDING, INC., an Illinois Corporation; and PREFERRED CAPITAL LENDING OF NEVADA, LLC., a Nevada Limited Liability Company,<br><br>Plaintiffs,<br>v.<br><br>STEPHEN D. CHAKWIN, JR., an Individual; DOES I through X inclusive; ROE BUSINESS ENTITY XI through XX, inclusive,<br><br>Defendants. | CASE NO.: 2:13-CV-00368-GMN-NJK |

**SUPPLEMENTAL REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR ADVERSE INFERENCE AND FOR SUMMARY JUDGMENT ON PLAINTIFF'S FIRST AND SECOND SECOND CAUSES OF ACTION; AND OPPOSITION TO DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**

PREFERRED CAPITAL LENDING, INC., and PREFERRED CAPITAL LENDING OF NEVADA, LLC, by and through their counsel of record, CLAGGETT & SYKES LAW FIRM, hereby submit their Supplemental Reply to Defendant's Opposition to Plaintiffs' Motion for

Adverse Inference and for Summary Judgment on Plaintiff's First and Second Causes of Action; and their Opposition to Defendant's Cross-Motion for Summary Judgment.

This Supplemental Reply and Opposition are based upon the Memorandum of Points and Authorities below, any pleadings and papers on file with this Court, the documentary evidence attached hereto, and any argument that the Court may entertain during the hearing on this matter.

DATED this 9th day of December, 2013.

CLAGGETT & SYKES LAW FIRM

/s/: Sean K. Claggett

By:_____
SEAN K. CLAGGETT, ESQ.
Nevada Bar No. 008407
WILLIAM T. SYKES, ESQ.
Nevada Bar No. 009916
MATTHEW S. GRANDA, ESQ.
Nevada Bar No. 012753
8751 W. Charleston Blvd., Suite 220
Las Vegas, NV 89117
(702) 655-2346 – Telephone

*Attorneys for Plaintiff*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

This Supplemental Reply and Opposition arises out of documents that Plaintiffs recently provided to the undersigned counsel. Pursuant to those documents, at the time of the subject loan, Plaintiffs were authorized to lend money under the Illinois Consumer Installment Loan Act. Defendant Chakwin has argued that the subject loan does not fall under the business loan exception of 815 ILCS 205/5 and that the general interest rate of 9% applies. However, if this loan is to be governed by Illinois law, and if the Court finds that the loan does not fall within the business loan exception of 815 ILCS 205/4, then the loan is governed by the Illinois Consumer Installment Loan

Act. Under that Act, Plaintiffs are entitled to receive, at the very least, the principal amount of the loan plus interest at the rate of 36%, minus any reasonable attorney's fees and costs awarded to Defendant Chakwin, and at the most, the full amount of the principal and all interest charged to date.

## II.

## BRIEF STATEMENT OF FACTS

Plaintiffs previously obtained a license from the Illinois Department of Financial and Professional Regulation, Division of Financial Institutions (hereinafter "DFI"), known as an "Other Business Authorization" (hereinafter "OBA"). Pursuant to the OBA, Plaintiffs were allowed lend in excess of the $40,000.00 limit[1] provided for in the Illinois Consumer Installment Loan Act. See OBA, attached hereto as Exhibit "1."

On or about June 30, 2010, DFI no longer issued or renewed any Other Business Authorization for any licensees or lenders. See March 29, 2010 Letter and April 28, 2010 Letter, attached hereto as Exhibit "2." However, DFI provided that, while licensees would no longer be allowed to make loans in excess of $40,000.00, those currently servicing loans in excess of $40,000.00 could continue to do so. See March 29, 2010 Letter, attached hereto as Exhibit "2." DFI then requested that each licensee with an OBA provide a written statement as to how they would phase out making loans in excess of $40,000.00. See id. Plaintiffs sent a letter to DFI in response to this request, stating that, beginning July 1, 2010, they would no longer make loans in excess of $40,000.00, and that all existing loans in excess of $40,000.00 would cease at time of payment received on those loans. See May 4, 2010 Letter, attached hereto as Exhibit "3."

As it relates to the subject loan, Plaintiffs' OBA permitted them to lend in an amount in excess of $40,000.00. Therefore, the loan amount of $130,000.00 was permissible under Plaintiffs'

---

[1] When Plaintiffs were granted the OBA, the limit in 205 ILCS 670/1 was $25,000.00, which is reflected in the OBA. However, Plaintiffs were allowed, under the OBA, to lend up to $40,000.00 when the Illinois Legislature amended 205 ILCS 670/1 to increase the limit to $40,000.00.

Page 3 of 8

OBA. Further, the cessation of the issuance of OBA's in June 2010 did not affect the subject loan, as Plaintiffs were allowed to continue to service any loans in excess of $40,000.00 until they received payment of any such loans.

### III.

### **LEGAL ARGUMENT**

A. **IF THE SUBJECT LOAN IS NOT A BUSINESS LOAN UNDER 815 ILCS 205/4, THEN IT IS GOVERNED BY ILLINOIS' CONSUMER INSTALLMENT LOAN ACT**

The Illinois Consumer Installment Loan Act[2] (hereinafter the "Act"), codified in Chapter 205, Section 670 of the Illinois Compiled Statute (hereinafter "ILCS"), applies to the following:

> The Act does not apply to any person, partnership, association, limited liability company, or corporation doing business under and as permitted by any law of this State or of the United States relating to banks, savings and loan associations, savings banks, credit unions, or licensees under the Residential Mortgage License Act [205 ILCS 635/1 et seq.] for residential mortgage loans made pursuant to that Act. **This Act does not apply to business loans.** This Act does not apply to payday loans.

205 ILCS 670/21 (emphasis added).

205 ILCS 670/17 provides the maximum term and amount for loans authorized under the Act, and states:

> The loan contract shall provide for repayment of the principal and charges within 181 months from the date of the loan contract or the last advance, if any, required by the loan contract. No licensee shall permit an obligor to owe such licensee or an affiliate (including a corporation owned or managed by the licensee) or agent of such licensee an aggregate principal of more than $40,000 at any time for loans transacted pursuant to this Act.

205 ILCS 670/17.

Therefore, under the Act, licensees and/or lenders are generally allowed to lend up to a maximum of $40,000.00, at rates of interest greater than allowed by law, only if they receive a

---

[2] While the Act does contain the word "installment" in its title, prior to March 21, 2011, loans under the Act could "be payable as agreed between the parties, including payment at irregular times or in unequal amounts and rates...." 205 ILCS 670/15(e)(3). Pursuant to the March 21, 2011 amendment to Section 670(e)(3), loans issued under the Act must now be repayable at weekly, biweekly, semimonthly, or monthly installments. Id.

Page 4 of 8

license under the Act. 205 ILCS 670/1. However, pursuant to 205 ILCS 670/12, the Illinois Department of Financial and Professional Regulation, Division of Financial Institutions authorized certain licensees and/or lenders to lend in excess of the $40,000.00 limit. Plaintiffs received just such an authorization.

In the present case, Defendant Chakwin has argued that the subject loan does not fall under the business loan exception of 815 ILCS 205/4, and that the general interest rate of 9% should therefore apply to the loan. However, if the subject loan is not a business loan, then it is necessarily governed by the Consumer Installment Loan Act and was provided by Plaintiffs under that Act pursuant to their Other Business Authorization. As such, if the subject loan is found not to be a business loan, then the interest rate allowed in the loan should be governed by the Consumer Installment Loan Act and not the Illinois Interest Rate Act.

**B.  PREFERRED CAPITAL IS ENTITLED TO RECEIVE EITHER THE FULL AMOUNT OF THE LOAN BALANCE, AS CHAKWIN HAS NOT ASSERTED A CLAIM THAT PLAINTIFFS HAVE VIOLATED THE CONSUMER INSTALLMENT LOAN ACT OR, AT THE VERY LEAST, THE PRINCIPAL AMOUNT OF THE LOAN AND AN INTEREST RATE OF 36% PER ANNUM**

Under the Illinois Interest Rate Act, "it is lawful to receive or to contract to receive and collect interest and charges as authorized by [the Interest Rate Act], and as authorized by the Consumer Installment Loan Act…." 815 ILCS 205/4(1). 205 ILCS 670/15 provides the maximum interest rate that may be charged Under the Consumer Installment Loan Act, and states, in relevant part:

> Charges permitted. (a) **Every licensee may lend a principal amount not exceeding $40,000 and, except as to small consumer loans as defined in this Section, may charge, contract for and receive thereon interest at an annual percentage rate of no more than 36%, subject to the provisions of this Act;** provided, however, that the limitation on the annual percentage rate contained in this subsection (a) does not apply to title-secured loans, which are loans upon which interest is charged at an annual percentage rate exceeding 36%, in which, at commencement, an obligor provides to the licensee, as security for the loan, physical possession of the obligor's title to a motor vehicle, and upon which a licensee may charge, contract for, and receive thereon interest at the rate agreed upon by the licensee and borrower. For

purposes of this Section, the annual percentage rate shall be calculated in accordance with the federal Truth in Lending Act [15 U.S.C. § 1601 et seq.].

205 ILCS 670/15(a) (emphasis added).

205 ILCS 670/20 sets forth the penalties for a violation of the Act, and states:

(b) The obligor, prior to the expiration of 2 years after the date of his last scheduled payment, may recover such reasonable attorney's fees and court costs as a court may assess against such licensee or lender for a violation of Sections…205 ILCS670/15…. The balance due under the terms of the loan contract shall be reduced by the amount which the obligor is thus entitled to recover. A bona fide error by a licensee in calculating charges or rebates is not a violation if the licensee corrects the error within a reasonable time, after discovery.

205 ILCS 670/20(b) (emphasis added).

205 ILCS 670/20.7 states that, "[a] claim of violation of this Act may be asserted in a civil action.

In the present case, Defendant Chakwin has never asserted a violation of the Illinois Consumer Installment Loan Act as a defense. Therefore, he is not entitled to recover any attorney's fees or court costs. As such, Plaintiffs are entitled to the full amount of the loan that is due and owing. However, to the extent that Defendant Chakwin's defense of usury is found to constitute a claim of a violation of the Act, which Plaintiffs submit it should not be, then Chakwin is still liable for the balance of the loan minus any amount the Court may award him in attorney's fees and court costs.

Therefore, if Illinois law governs, and if the subject loan is found not to be a business loan under 815 ILCS 205/4, the Defendant's usury defense still fails. If the loan is not a business loan, it then falls under the Illinois Consumer Installment Loan Act. Pursuant to 205 ILCS 670/20, Plaintiffs are allowed to charge an interest rate of 36%. While the interest rate charged in the subject loan is still admittedly in excess of that amount, though inadvertently in excess thereof, the penalties that apply in this situation, if any, are those provided for in 205 ILCS 670/20, not the penalties provided for in 815 ILCS 205/4. Under 205 ILCS 670/20, Chakwin is either liable for the full

amount of the loan balance that Plaintiffs claim is due and owing, or he is liable for the full amount minus any reasonable attorney's fees and costs that the court may award him.

### III.

### CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion for Adverse Inference and for Summary Judgment in its entirety and deny Defendant Chakwin's Cross-Motion for Summary Judgment in its entirety.

DATED this 9th day of December, 2013.

CLAGGETT & SYKES LAW FIRM

/s/: Sean K. Claggett

_____
Sean K. Claggett, Esq.
Nevada Bar No. 008407
William T. Sykes, Esq.
Nevada Bar No. 009916
Matthew S. Granda, Esq.
Nevada Bar No. 012753
8751 W. Charleston Blvd., Ste. 220
Las Vegas, Nevada 89117
(702) 655-2346 – Telephone
*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing *SUPPLEMENTAL REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR ADVERSE INFERENCE AND FOR SUMMARY JUDGMENT ON PLAINTIFF'S FIRST AND SECOND SECOND CAUSES OF ACTION; AND OPPOSITION TO DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT* was served by causing a true copy thereof to be filed with the Clerk of the Court using the CM/ECF system, which was served via electronic transmission by the Clerk of the Court pursuant to local order, to the following:

Ronald C. Minkoff, Esq.
Andrew J. Ungberg, Esq.
FRANKFURT KURNIT KLEIN & SELZ, PC
488 Madison Avenue, 10th Floor
New York, NY 10022
rminkoff@fkks.com
aungberg@fkks.com

Kimberly R. McgGhee, Esq.
THE LAW OFFICES OF KIMBERLY R. McGHEE, P.C.
Nevada Bar No. 009728
8880 W. Sunset Rd., Ste. 250
Las Vegas, NV 89148
kmcghee@kmcgheelaw.com

*Attorneys for the Defendant*

/s/: Joanne Tiu
_____
An employee of Claggett & Sykes Law Firm