## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **PREFERRED CAPITAL LENDING, INC. an Illinois Corporation; and PREFERRED CAPITAL LENDING OF NEVADA, LLC, a Nevada Limited Liability Company,** ) ) ) ) ) | |
| **Plaintiffs,** ) ) | **Case No. 1:14-cv-07409** |
| **v.** ) ) | |
| **STEPHEN CHAKWIN, JR. et al.,** ) ) | |
| **Defendant.** ) | |

### SUPPLEMENTAL RESPONSE TO ISSUE OF CHOICE OF LAW

PREFERRED CAPITAL LENDING, INC. and PREFERRED CAPITAL LENDING OF NEVADA, LLC ("PCL") by and through its counsel of record, GARELLI, GROGAN HESSE & HAUERT, file its Supplemental Response to the Choice of Law Issue pursuant to Court Order in support of its Motion for Summary Judgment:

**I.    The Reference To Illinois Law Was Merely A Scrivener's Error And Not The Choice Of Law The Parties Chose.**

The Parties chose Nevada Law to apply to the loan at issue in this case. The choice of law paragraph indicating that Illinois Law applies is simply a scrivener's error. *See,* Affidavit of Brian Garelli attached as **Exhibit A.** It was the clear intent of the parties that Nevada Law apply.

First, the parties to the contract are Preferred Capital Lending of Nevada, LLC which is a Nevada limited liability company. Second, the loan document was executed in Nevada. PCL had Chawkin travel from Conneticut to Nevada so that the loan could be executed specifically in that state and that Nevada law would apply. *Id.* Had the parties intended to have Illinois law apply, Chawkin would have only had to come to Illinois to execute the loan documents.

However, PCL made it a point to have this loan executed in the state whose laws were to govern. PCL did this because of Nevada's laws regarding this type of loan, and Chawkin was in agreement and well aware of this fact.

It was a clear oversight that the word Illinois was placed in the choice of law provision as opposed to Nevada as the parties had agreed. *Id.* Chawkin ignores the fact that PCL demanded that he fly to Nevada to execute the loan agreement and that the loan was obtained to help with expenses in a Nevada slip and fall case. Moreover, PCL originally filed this case in the State Court of Nevada seeking remedy pursuant to Nevada law. It was Chawkin who removed it to Federal Court in Nevada, and the Federal Court who transferred it to Illinois.

Accordingly, Nevada law should apply and summary judgment should be entered in favor of PCL.

### A. If Illinois Law Applies, The Loan Does Not Violate The Illinois Interest Act As It Falls Within The Business Loan Exception Set Forth In 815 ILCS 205/4(c).

The loan was a Business Loan for the Law Office of Stephen Chawkin as it falls clearly within the business exception to the Illinois Interest Act. 815 ILCS 205/4(c); *Rogus v. Continental Illinois Nat'l Bank & Trust Co.,* 4 Ill.App.3d 557, 560, 281 N.E.2d 346, 348 (Ill. App. Ct., 1st Dist, 1972). It is clear that the money loaned was used to finance an ongoing lawsuit for the Law Office of Stephen Chawkin. This argument has been set forth in detail in Plaintiffs' Reply in Support of Plaintiffs' Motion for Adverse Inference and for Summary Judgment on Plaintiff's First and Second Causes of Action submitted to this Court.

### 1. Chawkin did not assign his salary, wages, commissions or other compensation for services.

Chawkin incorrectly claims that the 2009 Promissory Note assigns Chawkin's right to compensation for his services as an attorney; thus, it cannot be a business loan. The

Promissory Note does not state this. The Promissory Note triggers the timing of payment of the Promissory Note at one year or potentially sooner if Chawkin receives payment on an account for attorney's fees stated in Exhibit A. There was no Exhibit A attached to the Promissory Note. *See,* Affidavit attached as Exhibit A. PCL Nevada never received a copy of the fee agreement from Chakwin and accordingly no fee agreement was ever attached to the loan. See Exhibit A.

Chawkin further argues that paragraph 3 of the Promissory Notes refers to the assignment of Chawkin's wages or attorney's fees. This is an incorrect reading of the loan document. Paragraph 3 refers to an assignment of the collateral. Collateral is defined in paragraph 4A as "fee and recovery of costs under certain Legal Representation agreement a copy of which is attached as Exhibit A and the proceeds thereof." There was no Exhibit A to the Promissory Note so there was no collateral. Accordingly, this loan does not violate the Illinois Interest Act.

**2. Paragraph 13 of the Promissory Note specifically allows a reduction in interest rate to the maximum allowable if the interest rate does not conform to applicable law.**

If this Court is inclined to apply Illinois Law to the Promissory Note and finds that the Note is not a business loan, paragraph 13 allows the Court to reduce the interest rate to 9%. Paragraph 13 states that "[i]f, at any time, the applicable interest rate is deemed by any competent court, agency, or board to exceed the maximum rate of interest permitted by any applicable law, then, for such time as the applicable interest rate would be deemed excessive, this Agreement shall bear interest at the maximum rate of interest permissible under such applicable law…" This paragraph allows the court to modify the interest rate to conform to the applicable law and saves the Promissory Note from an usury defense. Further, the

Promissory Notes have a severability provision at paragraph 20 which allows that even if the interest rate charged is deemed to be void or unenforceable, the remainder of the loan remain in full force and effect. Paragraphs 13 and 20 save the Promissory note from the voidable interest rate provision and allow this Court to modify the interest rate to 9%.

WHEREFORE, Preferred Capital Lending, Inc. respectfully requests that this Court enter a finding that the choice of law provision is a scrivener's error and Nevada Law applies, alternatively, if Illinois Law applies, enter an order that PCL did not violate the Illinois Interest Act and grant Summary Judgment in its favor and for other relief this court deems just.

Respectfully Submitted,

PREFERRED CAPITAL LENDING OF NEVADA
LLC, PREFERRED CAPITAL LENDING, INC.

/s/ AMY GALVIN GROGAN_____
One of its Attorneys

Amy Galvin Grogan
Garelli Grogan Hesse & Hauert
340 W. Butterfield Rd., Suite 2A
Elmhurst, IL 60126
630-833-5533
ARDC #6229364

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on December 18, 2014, the **Plaintiff's**

**Supplemental Response to Issue of Choice of Law** was filed electronically with the Clerk of

the Court using the ECF system, which will automatically send e-mail notification of such filing

to the following party:

Ronald C. Minkoff
Frankfurt Kurnit Klein & Selz, P.C.
488 Madison Avenue, 10th Floor
New York, NY 10022
rminkoff@fkks.com

Andrew J. Ungberg
Frankfurt Kurnit Klein & Selz, P.C.
488 Madison Avenue, 10th Floor
New York, NY 10022
aungberg@fkks.com

Christopher L. Gallinari
Flaherty & Youngerman, P.C.
20 South Clark Street, Suite 1050
Chicago, IL 60603
cgallinari@fylegal.com

/s/Amy Galvin Grogan
Attorney for Plaintiff
**GARELLI, GROGAN, HESSE & HAUERT**