UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

PREFERRED CAPITAL LENDING, INC., et al. )
)
        **Plaintiff,** )
)
v. )     Case No. 1:14-cv-07409
)
STEPHEN CHAKWIN, JR. )
)
        **Defendant.** )

**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL ARBITRATION**

Plaintiff, Preferred Capital Lending, Inc. and Preferred Capital Lending of Nevada LLC ("PCL"), by and through its counsel of record, Garelli, Grogan, Hesse & Hauert, files its Reply in Support of its Motion to Compel Arbitration (the "Motion") and in support states as follows:

**I.    PCL HAS NOT WAIVED ITS RIGHT TO ARBITRATE.**

PCL invokes its right to arbitrate after expending a significant amount of resources litigating what was originally believed to be a straightforward breach of contract case and has turned out to be a complex matter with seemingly every facet becoming grounds for argument. PCL and Chakwin are no closer to a resolution than they were at the time of the original Complaint filed nearly two years ago. Given the lack of progression utilizing the courts, the absence of a substantive ruling by any court, and the lack of prejudice (and added benefits) that granting this Motion would have on Chakwin, the Court should grant the Motion.

Under the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* ("FAA"), written agreements to arbitrate disputes, "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2; *see, e.g., Penn*, 269 F.3d at 758-59; *Kreimer v. Delta Faucet Co.*, 2000 U.S. Dist. LEXIS 9610, 2000 WL 962817, *2 (S.D. Ind. June 2, 2000). Moreover, the FAA "manifests a liberal federal policy favoring arbitration

agreements.'" *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 114 L. Ed. 2d 26, 111 S. Ct. 1647 (1991) (quoting *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24, 74 L. Ed. 2d 765, 103 S. Ct. 927 (1983)). Indeed, the Seventh Circuit has reiterated that courts should not presume, absent concrete proof to the contrary, that arbitration systems will be unfair or biased. *Penn*, 269 F.3d at 758 (citing *Green Tree Financial Corp. v. Randolph*, 531 U.S. 79, 91-92, 148 L. Ed. 2d 373, 121 S. Ct. 513 (2000);*Gilmer*, 500 U.S. at 30). Thus, when a valid agreement to arbitrate exists between the parties, the FAA requires the federal courts to stay any ongoing judicial proceedings, 9 U.S.C. § 3, and to compel arbitration. 9 U.S.C. § 4. Cindy (dini) Degroff v. Mascotech Forming Technologies-Fort Wayne, Defendant, 179 F. Supp. 2d 896, 902, 2001 U.S. Dist. LEXIS 25865, 12-13 (N.D. Ind. 2001).

Further, "[w]hen deciding whether the parties agreed to arbitrate a certain matter, courts generally should apply ordinary state-law principles that govern the formation of contracts." First Options of Chi., Inc. v. Kaplan, 514 U.S. 938, 944, 115 S. Ct. 1920, 131 L. Ed. 2d 985 (1995). The party opposing arbitration has the burden of demonstrating that the clause is unenforceable. See Shearson/Am. Express v. McMahon, 482 U.S. 220, 227, 107 S. Ct. 2332, 96 L. Ed. 2d 185 (1987). However, "due regard must be given to the federal policy favoring arbitration." Volt Info. Scis., Inc. v. Kaplan, 489 U.S. 468, 476, 109 S. Ct. 1248, 103 L. Ed. 2d 488 (1989). Therefore, "[a]n order to arbitrate the particular grievances should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage." AT&T Technologies, Inc. v. Communications Workers of America, 475 U.S. 643, 650, 106 S. Ct. 1415, 89 L. Ed. 2d 648 (1986). Lusk v. AmeriServ Fin., Inc., 2007 U.S. Dist. LEXIS 55775, 11, 41 Employee Benefits Cas. (BNA) 2923 (S.D. Ind. July 31, 2007)

### A. The Arbitration Agreement Clearly States That The Parties Can Motion The Court To Compel Arbitration At Any Time In The Legal Process.

"In order to determine whether the parties have agreed to submit this particular dispute to arbitration, we must turn to the specific language of the arbitration clause." International Brotherhood of Electrical Workers, Local 21 v. Illinois Bell Telephone Co., 491 F.3d 685, 2007 U.S. App. LEXIS 15740, 2007 WL 1880205, at *5 (7th Cir. 2007). Lusk v. AmeriServ Fin., Inc., 2007 U.S. Dist. LEXIS 55775, 14, 41 Employee Benefits Cas. (BNA) 2923 (S.D. Ind. July 31, 2007). Paragraph 30 of the Promissory Note contains an arbitration provision that states in pertinent part as follows:

> "30. Arbitration. You and we agree that with you or we may, at either party's election, require that any Claim (as defined below) be resolved by binding arbitration....
>
> Election and Initiation of Arbitration. You or we may elect arbitration under this Arbitration Provision with respect to any claim, **even if the Claim is part of a lawsuit brought in court.** You or we may make a motion or request in court to compel arbitration of any Claim brought as part of a lawsuit...." ("Arbitration Clause")

The Arbitration Clause does not require that PCL compel arbitration at the beginning of its claims against Chawkin, but instead allows either party to compel arbitration at any time for any claim brought as part of a lawsuit. It is undisputed that Chawkin signed the Promissory Note in 2009, that Chawkin received the funds set for the in the Promissory Note in 2009, and has not paid back any funds to PCL. PCL has sought payment by lawsuit for two years with no substantive rulings. PCL wishes to compel arbitration in order to receive a more timely resolution of this simple breach of contract case. PCL is entitled to compel this court for this ruling pursuant to the contract signed by the parties.

## B. PCL Did Not Waive Its Right To Arbitration.

PCL did not waive its right to arbitrate its claim. To determine whether waiver has occurred, we must examine whether "based on all the circumstances, the party against whom the waiver is to be enforced has acted inconsistently with the right to arbitrate." *Grumhaus v. Comerica Securities, Inc.*, 223 F.3d 648, 650-651 (7th Cir. 2000) (quoting *St. Mary's Med. Ctr. of Evansville, Inc. v. Disco Aluminum Products Co.*, 969 F.2d 585, 588 (7th Cir. 1992)); *see also Iowa Grain Co. v. Brown*, 171 F.3d 504, 510 (7th Cir. 1999) (holding that courts must look at the totality of the circumstances to find waiver). In light of the strong federal policy favoring arbitration, parties asserting waiver bear a "heavy burden" and courts should not "lightly infer" waiver. *St. Mary's Med. Ctr. of Evansville, Inc.*, 969 F.2d at 590; *see also, Dickenson v. Heinold Securities, Inc.*, 661 F.2d 638, 641 (7th Cir. 1981); *Midwest Window Sys., Inc. v. Amcor Indus., Inc.*, 630 F.2d 535, 536 (7th Cir. 1980). Moreover, DeGroff, as the party asserting waiver, must show that the inconsistent actions were prejudicial. *St. Mary's Med. Ctr. of Evansville, Inc.*, 969 F.2d at 590. Cindy (dini) Degroff v. Mascotech Forming Technologies-Fort Wayne, Defendant, 179 F. Supp. 2d 896, 912, 2001 U.S. Dist. LEXIS 25865, 44-45 (N.D. Ind. 2001).

### 1. Timing Is *Not* A Dispositive Factor In Determining Whether A Party Waived Its Right To Arbitrate.

In determining whether a party has waived its right to arbitrate, the Seventh Circuit reviews the totality of the circumstances and not simply one factor. *See Grumhaus v. Comerica Securities, Inc.*, 233 F.3d 648, 650-51 (7th Cir. 2000). While prejudice to the non-waiving party is not required in proving waiver as it is in other Circuits (*see, e.g., J&S Const. Co. v. Travelers Indem Co.*, 520 F.2d 809, 809-10 (1st Cir. 1975)), it remains a relevant factor just as any other, such as timeliness. *See St. Mary's Medical Center, Inc. v. Disco Aluminum Products Co.*, 969 F.2d 585, 590, 1992 U.S. App. LEXIS 17790, 16 (7th Cir. 1992). Given the strong policy

favoring arbitration, a "waiver of arbitration is not lightly to be inferred." *Midwest Window Systems, Inc. v. Amcor Industries, Inc.*, 630 F.2d 535, 536, 1980 U.S. App. LEXIS 13907, 3-4 (7th Cir. 1980).

Timing is not everything. Chakwin urges this Court to focus on the time period between the filing of the original Complaint and now, yet fails to acknowledge the lack of progress in the case during that time. Chakwin lays out a two-page summary of the procedural posture in the case encompassing the nearly two-year timeframe and noticeably absent is a single substantive ruling from any of the three courts involved. Even though the parties may have technically been in litigation for two years, the dispute during that time has uncovered more questions than answers. This Court should look beyond mere timeliness and grant a stay based on the lack of progression, substantive rulings or prejudice to Chawkin should the case be stayed.

### 2. PCL Has Not Received An Adverse Decision From The Courts.

This is not the case where PCL tried its case in the courts, lost in a substantive motion and now seeks a second bite of the apple in arbitration proceeding. *See St. Mary's*, 989 F.2d at 589 ("A party may not normally submit a claim for resolution in one forum and then, when it is disappointed with the result in that forum, seek another forum."). Chakwin petitions this Court to follow the Seventh Circuit's *Grumhaus* opinion. *See* Defendant's Motion at page 6. In *Grumhaus*, the plaintiffs moved to enforce their arbitration right only after the district court awarded the defendant a motion to dismiss. In light of this proceeding, the Seventh Circuit opined, "[u]nderstandably disappointed with that result, the [plaintiffs] decided that they wanted to arbitrate," and found that the plaintiffs waived their right to arbitrate. *Grumhaus*, 233 F.3d at 651. That is not the case here. PCL has not received a favorable or adverse ruling by any of the three courts. Although Chakwin would like to believe that it's brief pointing to the Illinois

Consumer Installment Loan Act has established some law of the case (*See* Defendant's Motion at page 8), the fact is this Court has not established any such ruling.

### 3. Chawkin Would Not Be Prejudiced By Staying These Proceedings In Favor Of Arbitration.

Prejudice is still a factor in the Seventh Circuit when determining a waiver of arbitration. *See St. Mary's*, 969 F.2d at 590. Although the burden is not on the non-moving party to show that it would be prejudiced by a stay, prejudice remains as relevant as any other factor, including timeliness. Here, Chakwin does not attempt to show that it would be prejudiced if this Court granted a stay other than one vague line mentioning that it would "impose tremendous costs and unfairness on Mr. Chakwin." *See* Defendant's Motion at pages 8-9. The fact is that arbitration would be significantly cheaper than remaining in the court system even given the pending motions and remaining personal discovery. Also, Chakwin would not be losing out on any favorable decision to this point in the courts. Finally, the parties would each benefit from a speedier resolution than what has been an already time and resource expensive matter in the courts. Indeed, with no trial date set after nearly two years, the parties can see no end in sight should the Court not grant a stay and allow the parties to arbitrate their dispute.

WHEREFORE, Preferred Capital Lending, Inc. and Preferred Capital Lending of Nevada LLC respectfully requests that this Court compel the parties to arbitrate the claims before it and for other relief this court deems just.

          Respectfully Submitted,

          PREFERRED CAPITAL LENDING, INC.
          PREFERRED CAPITAL LENDING OF NEVADA LLC

          /s/ AMY GALVIN GROGAN
          One of its Attorneys

Amy Galvin Grogan
Garelli Grogan Hesse & Hauert
340 W. Butterfield Rd., Suite 2A
Elmhurst, IL 60126
630-833-5533
ARDC #6229364

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on December 22, 2014, the **Plaintiff's Reply in Support of Motion to Compel Arbitration** was filed electronically with the Clerk of the Court using the ECF system, which will automatically send e-mail notification of such filing to the following party:

Ronald C. Minkoff
Frankfurt Kurnit Klein & Selz, P.C.
488 Madison Avenue, 10th Floor
New York, NY 10022
rminkoff@fkks.com

Andrew J. Ungberg
Frankfurt Kurnit Klein & Selz, P.C.
488 Madison Avenue, 10th Floor
New York, NY 10022
aungberg@fkks.com

Christopher L. Gallinari
Flaherty & Youngerman, P.C.
20 South Clark Street, Suite 1050
Chicago, IL 60603
cgallinari@fylegal.com

/s/Amy Galvin Grogan
Attorney for Plaintiff
**GARELLI, GROGAN, HESSE & HAUERT**