IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **Preferred Capital Lending, Inc., et al.,** | ) | |
| **Plaintiffs,** | ) | Case No: 14 C 7409 |
| | ) | |
| v. | ) | |
| | ) | **Judge Ronald A. Guzmán** |
| **Stephen Chakwin, Jr.,** | ) | |
| **Defendant.** | ) | |
| | ) | |

## ORDER

For the reasons stated below, Plaintiffs' motion to compel arbitration [72] is denied.

## STATEMENT

Plaintiffs Preferred Capital Lending, Inc. and Preferred Capital Lending of Nevada ("PCL") move to compel arbitration of this suit seeking to collect on a loan they made to Defendant, who contends that PCL has waived the right to seek arbitration.

"[W]aiver of arbitration is not lightly to be inferred." *ChampionsWorld LLC v. United States Soccer Fed'n, Inc.,* 487 F. Supp. 2d 980, 988 (N.D. Ill. 2007) (quoting *Dickinson v. Heinold Securities, Inc.*, 661 F.2d 638, 641 (7th Cir. 1981)). "Courts will only find a waiver of arbitration rights when, under the totality of the circumstances, the defaulting party acted inconsistently with the arbitration right." *Id.* (internal quotation marks and citation omitted). "Although several factors may be considered in determining waiver, diligence or the lack thereof should weigh heavily in the decision—did that party do all it could reasonably have been expected to do to make the earliest feasible determination of whether to proceed judicially or by arbitration?" *Ernst & Young LLP v. Baker O'Neal Holdings, Inc.*, 304 F.3d 753, 756 (7th Cir. 2002) (internal quotation marks, citation and emphasis omitted).

This case was initially filed on January 26, 2013 in Nevada state court and removed to the United States District Court for the District of Nevada. The parties conducted discovery and in September 2013, PCL moved for summary judgment. On September 14, 2014, the Nevada District Court directed the parties, *sua sponte*, to show cause why the action should not be transferred to Illinois in light of the forum selection clause in the relevant loan document. The parties stipulated to transfer on September 22, 2014 and the case was assigned to this Court. The parties then filed additional briefs in support of their summary judgment motions in this Court. On December 1, 2014, PCL filed its motion to compel arbitration. (Dkt. # 72.)

"[L]engthy delay can lead to an implicit waiver of arbitration." *Welborn Clinic v. Medquist, Inc.*, 301 F.3d 634, 637 (7th Cir. 2002) (citation omitted). Here, the delay is apparent and PCL has not established that it did all "it reasonably could have been expected to do to make the earliest feasible determination of whether to proceed" by arbitration. *See, e.g.*, *Ernst & Young*, 304 F.3d at

754-756 (finding waiver where defendant fully participated in bankruptcy adversary proceedings and only sought arbitration after the confirmation of plaintiff's Chapter 11 plan of reorganization) (internal quotation marks and citation omitted); *Cabinetree of Wisc., Inc. v. Kraftmaid Cabinetry, Inc.*, 50 F.3d 388, 389 (7th Cir. 1995) (finding waiver where ten months of litigation, including removal to federal court, extensive discovery, and the setting of a trial date, had passed before defendant sought arbitration); *St. Mary's Med. Ctr. of Evansville, Inc. v. Disco Aluminum Prods. Co.*, 969 F.2d 585, 587 (7th Cir.1992) (finding waiver where ten months of litigation, including defendant's filing of a motion to dismiss or for summary judgment, had passed before defendant raised the issue of arbitration); *Corbett v. DRH Cambridge Homes, Inc.*, No. 04 C 3344, 2005 WL 1838456, at *1 (N.D. Ill. July 26, 2005) (finding waiver where defendant failed to raise the issue of arbitration as an affirmative defense and sought arbitration eleven months after the complaint was filed and eight months after it filed its answer).

PCL's arguments to the contrary are unpersuasive. PCL contends that the Court should not focus too much on the passage of time because the case has not significantly progressed during its pendency. The Court disagrees. The case has been removed to federal court, transferred to another district, discovery has taken place and the parties have filed summary judgment briefs and supplements to those briefs. Further, despite the fact that no substantive rulings have been made in the case, PCL fails to proffer any explanation for its failure to seek arbitration until the case has been pending for almost two years and cross motions for summary judgment motion await a ruling.

For these reasons, the Court denies the motion to compel arbitration [72]. The Court will rule by mail on the motions for summary judgment.

**Date**: February 24, 2015       _____
**Ronald A. Guzmán**
**United States District Judge**